UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: [24]7.AI, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION  MDL No. 2863


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiffs in the Northern District of California *Ford* action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. This litigation consists of three actions pending in the Central District of California, the Northern District of California, and the Northern District of Georgia, as listed on Schedule A. In addition, the parties have notified the Panel of one potential tag-along action, which was recently filed in the Northern District of California.

Plaintiff in the *McGarry* action pending in the Northern District of Georgia does not oppose the motion on the condition that any claims against Best Buy Co., Inc., are excluded from the MDL. The *McGarry* plaintiff suggests the Northern District of Georgia as the transferee district. Plaintiffs in the action pending in the Central District of California, as well as defendants Delta Air Lines, Inc., and [24]7.AI, Inc., oppose centralization and, alternatively, suggest the Central District of California as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. There is little dispute that these actions share factual questions arising from an alleged data breach of [24]7, which provides online chat, customer support services, and sales and service-oriented software to various businesses, including Best Buy, Delta, and Sears. There are, however, only four actions at issue (including the potential tag-along action) pending in three districts. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have not met that burden here.

We have held that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Here, a number of pending motions could significantly reduce or even eliminate the multidistrict character of this litigation. Both Delta and

---

[*] Judge Charles R. Breyer took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

-2-

[24]7 have filed Section 1404 motions in the actions pending in the Northern District of California and the Northern District of Georgia (seeking transfer to the Central District of California). *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (discussing the advantages of Section 1404 transfer over centralization). In addition, a recent ruling on Delta's dismissal motion by the court in the action pending in the Central District of California may result in the complete dismissal of that action, reducing the number of districts at issue to two.

Even if the pending transfer and dismissal motions do not eliminate the multidistrict character of this litigation, voluntary cooperation and coordination among the small number of parties and involved courts appears eminently feasible. We encourage the parties to employ the various alternatives to transfer that exist to minimize any potential for duplicative discovery and inconsistent pretrial rulings in this litigation. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Lewis A. Kaplan
Ellen Segal Huvelle    R. David Proctor
Catherine D. Perry

**IN RE: [24]7.AI, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION** MDL No. 2863

## SCHEDULE A

<u>Central District of California</u>

PICA v. DELTA AIR LINES, INC., ET AL., C.A. No. 2:18-02876

<u>Northern District of California</u>

FORD, ET AL. v. 24/7, INC., ET AL., C.A. No. 5:18-02770

<u>Northern District of Georgia</u>

MCGARRY v. DELTA AIR LINES, INC., ET AL., C.A. No. 1:18-02794